**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 24-3 (MN) |
| | ) | |
| BERNARDO MCKINNEY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington, this 9th day of November 2026:

On October 6, 2025, the Court denied defendant's Motion to Suppress Evidence ("Memorandum Order") (D.I. 37). On May 7, 2026, defendant filed a *pro se* Motion for Reconsideration ("the Motion"). (D.I. 61). The government opposed the Motion on May 29, 2026, and on June 22, 2026, Defendant filed his reply. (D.I. 65, 69). For the reasons set forth in this order, the defendant's Motion for Reconsideration is DENIED.

## I. LEGAL STANDARD

"[M]otions for reconsideration in criminal cases are not specifically authorized either by statute or by rule." *United States v. Ortiz*, 741 F.3d 288, 293 (1st Cir. 2014); *United States v. Whittaker*, 201 F.R.D. 363, 373-74 (E.D. Pa.), *rev'd on other grounds*, 268 F.3d 185 (3d Cir. 2001). In practice, however, this Court has adopted Local Rule 7.1.5 for use in criminal cases. *See, e.g.*, *United States v. Lopez*, No. CR 10-67 (GMS), 2014 WL 7149187, at *2 (D. Del. Dec. 15, 2014). A motion for reconsideration is the "functional equivalent" of a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990). "The standard for obtaining relief under Rule 59(e) is difficult to meet." *Butamax Advanced Biofuels LLC v. Gevo Inc.*, No. 12-1036-SLR, 2015 WL

4919975, at *1 (D. Del. Aug. 18, 2015); *see also* D. Del. LR 7.1.5 ("Motions for reargument shall be sparingly granted.").

A motion for reconsideration is "extremely limited" in scope and may not be used "as an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A court should exercise its discretion to grant such a motion only if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

## II. <u>DISCUSSION</u>

Defendant makes several arguments in his motion for reconsideration, some of which can be considered together.

### A. The Good Fath Exception

The defendant argues that "[t]he *Leon* good faith exception does not save the warrant, where the affidavit contains material admissions or falsehoods made knowingly or recklessly and necessary to probably cause." (D.I. 61 at 9). The defendant goes on to argue that law enforcement failed to disclose or mispresented the following material facts that were essential to the magistrate's probable cause determination: that law enforcement did not claim the source to be reliable; that law enforcement observed and monitored the telephone communications and drug transactions; that law enforcement claimed they subpoenaed sentinel self-storage facility; that law enforcement claimed to have observed the defendant travel to the facility; and that law enforcement claimed an alleged K-9 alert (*Id.* at 11).

The Court addressed these claims in its Memorandum Order, finding no support for the defendant's arguments after considering the facts of this case (D.I. 46 at 5-12). Further, this Court found that "[u]nder the circumstances outlined in the affidavit, it was objectively reasonable for the officers conducting the search to believe that probable cause for the warrant existed and to rely in good faith on both warrants issued." (*Id.)*. The defendant raised the issue of the K-9 alert in his motion to suppress (D.I. 37 at 18), the lack of observations of McKinney traveling to the facility, and lack of audio and visual recordings of drug transactions (*Id.* at 6-8). The reliability of the confidential source was a substantial portion of the defendant's arguments made in his motion to suppress and was already addressed by this Court in the Memorandum Order, finding that the confidential source "provided information to law enforcement officers that has been corroborated by the arrest of numerous individuals involved in the trafficking of illegal drugs and firearms . . . [and] resulted in the seizure of illegal drugs." (D.I. 46 at 7). Defendant has not presented any new evidence that warrants reconsideration and is simply rehashing the same arguments he's already made. *See Blystone*, 664 F.3d at 415-16 ("new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available.").

**B. Reliability and denial of a *Franks* Hearing**

In defendant's motion to suppress, he argued that the affidavit contained false statements, questioned the reliability of the confidential source, and that, because of differing dates in the affidavit, a *Franks* hearing may be needed (D.I. 37). The defendant makes these same arguments in the Motion (D.I. 61 at 5, 40). The defendant goes on to question the reliability of the information that formed the basis for probable cause in the warrant, attacking the credibility of the confidential source, and claims that the magistrate was misled when the confidential source was deemed reliable by law enforcement (*Id.* at 11). Defendant takes issue with differing dates in the affidavit

and reports, and claims that the lack of coexisting law enforcement reports or videos must mean that certain events, such as the controlled purchases, did not happen (*Id.*). Nearly all of these arguments were raised by the defendant and addressed by this Court in its Memorandum Order.

The defendant contends that the government's failure to produce "money serial numbers and proper chain of custody receipts for each alleged transaction, along with surveillance logs, text messages, warrants a *Franks* hearing." (*Id.* at 39). Although that argument itself is new, it is not new evidence that was not otherwise available at the time of the motion to suppress. Moreover, the Court already found that a lack of recordings does not constitute bad faith, and the same logic applies here.

## III. CONCLUSION

A motion for reconsideration is not the proper vehicle for rearguing issues that the Court already decided or for supplementing a motion to suppress after it was denied. The arguments that are new are solely that, new arguments, with no new evidence presented.

THEREFORE, for the foregoing reasons, defendant's motion for reconsideration is DENIED.

Maryellen Noreika

The Honorable Maryellen Noreika
United States District Judge